**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**1** Valuation of Security       **0** Assumption of Executory Contract or Unexpired Lease       **0** Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Daryl L Smith**                                    Case No.:    **18-10180**

                                                              Judge:    **VFP**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required             Date:    4-6-2018
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **RCN**     Initial Debtor:  **DLS**        Initial Co-Debtor  _____

| Part 1: Payment and Length of Plan |
|---|

1

     a. The Debtor has paid $400.00 into the plan and the debtor shall pay  **$200.00 Monthly**  to the Chapter 13 Trustee, starting on May 1, 2018 for approximately 56 months.

     b. The debtor shall make plan payments to the Trustee from the following sources:
- [x] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

     c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion: _____

- [ ] Refinance of real property:
  Description:
  Proposed date for completion: _____

- [x] Loan modification with respect to mortgage encumbering property: Ocwen Loan Servicing, LLC/DEUTSCHE BANK NATIONAL TRUST COMPANY
  Description: 92A Roland Avenue, South Orange, NJ
  Proposed date for completion: loss mitigation will be completed by the date set forth in the loss mitigation order

     d. [x] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. Debtor will make post adequate protection payments during the loss mitigation.

     e. [x] Other information that may be important relating to the payment and length of plan: The Trustee is to reserve making payments to secured creditor pending the loss mitigation.

## Part 2: Adequate Protection          **X NONE**

     a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

     b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Robert C. Nisenson 6680** | **Attorney Fees** | **2,500.00** |
| **Chapter 13 Standing Trustee** | **Administrative** | AS ALLOWED BY STATUE |
| **Domestic Support Obligation** | **Administrative** | 0 |

     b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [x] None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Ditech/US Bank National Association | 92A Roland Avenue South Orange, NJ 07079  Essex County | 12,454.00 | 425,000.00 | 450,000 | 12,454 | | 0.00 |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ___ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases     X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7:  Motions     ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J.**

4

**LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

 a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
 The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

 b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

 The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| DITECH/US Bank National Association | 92A Roland Avenue, South Orange, NJ 07079 | 12,454.00 | 425,000 | 450,000 | | 12,454 |

 c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

 The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

### Part 8:  Other Plan Provisions
 a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

 b. **Payment Notices**
 Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

 c. **Order of Distribution**

 The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) **Other Administrative Claims**
   3) **Secured Claims**
   4) **Lease Arrearages**

5

5) **Priority Claims**
6) **General Unsecured Claims**

    **d. Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification**     **X NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **correct cram down** | **correct cram down and date of Plan** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **April 6, 2018** | **/s/ Robert C. Nisenson** |
|---|---|---|
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor |
| Date: | **April 6, 2018** | **/s/ Daryl L Smith** |
| | | **Daryl L Smith** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

| Date | **April 6, 2018** | **/s/ Robert C. Nisenson** |
|---|---|---|
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **April 6, 2018** | **/s/ Daryl L Smith** |
|---|---|---|
| | | **Daryl L Smith** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:
Daryl L Smith
    Debtor

Case No. 18-10180-VFP
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Apr 09, 2018
                     Form ID: pdf901     Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 11, 2018.

```
db             +Daryl L Smith,    92A Roland Avenue,    South Orange, NJ 07079-1822
cr             +DEUTSCHE BANK NATIONAL TRUST COMPANY,    Robertson Anschutz & Schneid, P.L.,
                 6409 Congress Avenue,    Suite 100,    Boca Raton, FL 33487-2853
cr             +Deutsche Bank Trust Company Americas,    Robertson, Anschutz & Schneid, P.L.,
                 6409 Congress Avenue, Ste 100,    Boca Raton, FL  33487,    UNITED STATES 33487-2853
517262053      +Aargon Agency,    Attn: Bankruptcy Department,    8668 Spring Mountain Rd,
                 Las Vegas, NV 89117-4132
517262054      +AmeriCredit/GM Financial,    Po Box 181145,    Arlington, TX 76096-1145
517262059      +CRG Cohen Realty Group,    520 Westfield Avenue,    Elizabeth, NJ 07208-1658
517262055      +Caine & Weiner,    Attn: Bankruptcy,    21210 Erwin St,    Woodland Hills, CA 91367-3714
517262057      +Convergent Outsoucing, Inc,    Po Box 9004,    Renton, WA 98057-9004
517388671       DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE F,    West Palm Beach, FL, 33409
517262063      +New Assets LLC,    67 Elmora Avenue,    Elizabeth, NJ 07202-1632
517262065      +Stuart Lippman &associ,    5447 E 5th St Ste 110,    Tucson, AZ 85711-2345
517302402      +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 09 2018 23:27:39     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 09 2018 23:27:35     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517262058      +E-mail/Text: bankruptcy_notifications@ccsusa.com Apr 09 2018 23:28:38
                 Credit Collections Svc,    Po Box 773,    Needham, MA 02494-0918
517262060      +E-mail/Text: bankruptcy.bnc@ditech.com Apr 09 2018 23:27:25     Ditech,    Attn: Bankruptcy,
                 Po Box 6172,    Rapid City, SD 57709-6172
517262061      +E-mail/Text: bankruptcydpt@mcmcg.com Apr 09 2018 23:27:34     Midland Funding,
                 Attn: Bankruptcy,    Po Box 939069,    San Diego, CA 92193-9069
517384348      +E-mail/Text: bankruptcydpt@mcmcg.com Apr 09 2018 23:27:34     Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
517262064      +Fax: 407-737-5634 Apr 10 2018 01:40:22      Ocwen Loan Servicing, Llc,
                 Attn: Research/Bankruptcy,    1661 Worthington Rd Ste 100,    West Palm Bch, FL 33409-6493
517373410      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 09 2018 23:29:47      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                               TOTAL: 8
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517262056*     +Caine & Weiner,    Attn: Bankruptcy,    21210 Erwin St,    Woodland Hills, CA 91367-3714
517262062*     +Midland Funding,    Attn: Bankruptcy,    Po Box 939069,    San Diego, CA 92193-9069
                                                                                               TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 11, 2018                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 6, 2018 at the address(es) listed below:

         Denise E. Carlon     on behalf of Creditor     U.S. Bank National Association, successor indenture trustee to Bank of America, N.A., successor by merger to LaSalle Bank  National Association, as Indenture trustee for Home Equity Loan Trust 2007-HS dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

         Kevin M. Buttery     on behalf of Creditor     DEUTSCHE BANK NATIONAL TRUST COMPANY bkyefile@rasflaw.com

         Kevin M. Buttery     on behalf of Creditor     Deutsche Bank Trust Company Americas bkyefile@rasflaw.com

```
District/off: 0312-2           User: admin              Page 2 of 2              Date Rcvd: Apr 09, 2018
                               Form ID: pdf901          Total Noticed: 20
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        Laura M. Egerman    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY bkyecf@rasflaw.com, bkyecf@rasflaw.com;legerman@rasnj.com
        Marie-Ann  Greenberg    magecf@magtrustee.com
        Rebecca Ann Solarz    on behalf of Creditor    U.S. Bank National Association, successor indenture trustee to Bank of America, N.A., successor by merger to LaSalle Bank  National Association, as Indenture trustee for Home Equity Loan Trust 2007-HS rsolarz@kmllawgroup.com
        Robert C. Nisenson    on behalf of Debtor Daryl L Smith rnisenson@aol.com, nisensonlaw@aol.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

                                                                                                               TOTAL: 8